NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 14 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MAHDI ISMAIL YOUSEF NAHHAS,<br><br>               Petitioner,<br><br>  v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>               Respondent. | No.   16-70364<br><br>Agency No. A071-592-676<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 11, 2018[**]
San Francisco, California

Before:  McKEOWN, W. FLETCHER, and BYBEE, Circuit Judges.

Mahdi Ismail Yousef Nahhas ("Nahhas"), a native and citizen of Jordan,

petitions for review of the Board of Immigration Appeals' ("Board") decision

affirming an Immigration Judge's ("IJ") denial of withholding of removal on

adverse credibility grounds under 8 U.S.C. § 1158(b)(1)(B)(iii) and relief under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  *See* 8 C.F.R. § 1208.16(c).  Substantial evidence supports the Board's decision, and we therefore deny the petition.

We review for substantial evidence decisions by the Board denying eligibility for withholding of removal and adverse credibility determinations. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).  Where, as here, the Board "expressly adopt[ed]" the relevant part of the IJ's decision, "we review the IJ's findings as if they were the BIA's." *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011).  We also review for substantial evidence Board determinations denying eligibility for protection under CAT.  *Shrestha*, 590 F.3d at 1048.  We defer to the factual findings of the Board, and they "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).  We review Board interpretations of legal questions de novo.  *See Zheng v. Ashcroft*, 332 F.3d 1186, 1193-94 (9th Cir. 2003).

Substantial evidence supports the denial of Nahhas's withholding of removal on adverse credibility grounds.  To make an adverse credibility determination, an IJ must evaluate "the totality of the circumstances, and all relevant factors," and may base its determination on inconsistencies in testimony.  8 U.S.C. § 1158(b)(1)(B)(iii).  An IJ may "*consider* any inconsistency," not only those that "'go to the heart' of the petitioner's claim," when assessing credibility.  *Shrestha*, 590 F.3d at 1043 (emphasis in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

However, "utterly trivial inconsistenc[ies]" are insufficient to justify an adverse credibility determination and IJs should account for "petitioner's explanation for a perceived inconsistency." *Id.* at 1043-44.

The IJ found and the Board affirmed that Nahhas was not credible because of material inconsistencies in his testimony regarding three aspects of his involvement with Amnesty International, which were core to his petition for withholding of removal. Specifically, he provided inconsistent dates for when he began working with the organization; conflicting timelines regarding his detention; and differing accounts of whom he worked with at the organization. These inconsistencies undermine a central basis of Nahhas's asylum claim: that he was persecuted because of his work with the human rights organization and thus fears future persecution. When, as here, "an inconsistency is at the heart of the claim it doubtless is of great weight." *Shrestha*, 590 F.3d at 1047.

As required, the IJ accounted for the explanations put forth by Nahhas to explain his testimonial inconsistencies, *see id.* at 1044, and found them unpersuasive. For example, the IJ noted petitioner's tendency "to combine [] his inconsistent answers into a single answer that blurred the inconsistencies."

Additionally, the IJ determined and the Board affirmed that Nahhas's two voluntary returns to Jordan undermine his claim of past persecution and therefore his credibility. Voluntary return to a home country provides a sound basis for an

3

adverse credibility determination. *Loho v. Mukasey*, 531 F.3d 1016, 1018-19 (9th Cir. 2008) (returning for work). Unlike the petitioner in *Loho*, Nahhas returned home to visit grieving or ailing family members, which, as the IJ noted, "lessened" the visits' "negative implication." Even setting aside evidence regarding the trips, there would still be substantial evidence supporting denial.

In sum, Nahhas's inconsistencies and his lack of persuasive explanations constituted sufficient substantial evidence supporting the adverse credibility determination. Without credible testimony, Nahhas has not met his burden of proof to establish eligibility for withholding of removal. *See* 8 C.F.R. § 1208.16(b).

Substantial evidence also supports denial of the claim for CAT protection. When, as here, an adverse credibility determination has been made, "to reverse the BIA's decision [denying CAT protection,] we would have to find that the reports alone compelled the conclusion that [the petitioner] is more likely than not to be tortured." *Shrestha*, 590 F.3d at 1048-49 (quoting *Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006)). The reports about conditions in Jordan are the only remaining credible evidence, but they do not satisfy petitioner's burden to prove that he specifically is "more likely than not" to be tortured if returned to Jordan because they focus on generalized violence in the country. 8 C.F.R. § 1208.16(c)(2). Thus, the Board's denial of CAT protection to Nahhas is

4

supported by substantial evidence.

The petition for review is **DENIED**.